MARSTELLER (PORTER v.). See Case No. 11,287.

MARSTELLER (TUCKER v.). See Case No. 14,222.

---

## Case No. 9,141.

### MARSTIN v. McREA.

[Hempst. 688.] [1]

Circuit Court, Arkansas.[2] April, 1854.

DEPOSITION — REDUCING TO WRITING.

A deposition taken under the 30th section of the judiciary act of 1789 [1 Stat. 88] must be reduced to writing by the magistrate or witness, and no other person is competent to perform that duty.

[This was a suit by Charles A. Marstin against Bracy McRea, as administrator of John D. Bracy, deceased.]

J. M. Curran, for plaintiff.
A. Fowler, for defendant.

Before RINGO, District Judge.

The court suppressed depositions taken on the part of the plaintiff under the 30th section of the judiciary act of 1789 (1 Stat. 88), because the judge taking the same certified that the testimony of the witnesses taken by him, "was reduced to writing under my direction." It was held, that the act of congress must be strictly complied with, and, as according to the express requisitions of that act, the deposition of a witness shall be reduced to writing "only by the magistrate taking the deposition or by the deponent in his presence;" no other person was legally competent to perform that duty, and that the magistrate could

---

not depute any one to perform it; that the act itself excluded the idea that any others than those named could perform it, and so it was a fatal defect. Deposition suppressed.